**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Melvin Marin-Gaona,

Defendant.

No. CR-25-05711-001-TUC-SHR

**ORDER DENYING MOTION TO DISMISS**

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 31) issued by United States Magistrate Judge Lynette C. Kimmins recommending the Court grant Defendant's Motion to Dismiss the Indictment (Doc. 16). The Court has reviewed the record, including the government's timely Objection (Doc. 32) and Defendant's Response (Doc. 33). For the reasons set forth below, the Court will decline to adopt the R&R and deny Defendant's Motion to Dismiss.

## I. Background

The R&R provides a detailed recitation of the factual and procedural history in this matter. (Doc. 31.) Neither party objects to, and the Court adopts, the facts set forth in the R&R. For context, Defendant came to the United States with his mother in 2019 and has since remained in the country. In December 2025, he was arrested and subsequently indicted for prohibited possession of a firearm under 18 U.S.C. § 922(g)(5)(A). At the time of his arrest, Defendant had a pending application for asylum and had been granted deferred

action and employment authorization related to his pending bona fide U visa application.

In February 2026, Defendant filed the instant Motion to Dismiss, arguing, among other things, the prohibition in § 922(g)(5)(A) does not apply to him—a person who (1) entered the country legally and has a pending asylum application and (2) has been granted authorization to work in the country during deferred action on a U visa application. (Doc. 16.) In the alternative, Defendant asserts a person of ordinary intelligence in his position would not have understood they were committing a crime by possessing a firearm and, therefore, the prohibition is void for vagueness as applied to him. (*Id.*) Defendant asserts "numerous official acts authorizing and tolerating his presence," including granting deferred action on his U visa application and authorizing him to work in the country, "fostered in him, as they would any ordinary person, a belief that he was not 'illegally or unlawfully in the United States.'" (*Id.* at 18.)

In May 2026, Magistrate Judge Kimmins issued an R&R recommending the Court grant the Motion to Dismiss because § 922(g)(5)(A) is unconstitutionally vague as applied to Defendant.[1] (Doc. 31.) The Magistrate Judge stated § 922(g)(5)(A) does "not give notice to a person in Defendant's circumstances that he was prohibited from possessing a firearm" because it is unclear on the face of the statute whether it applies to an individual's immigration status or the legality of their presence in the country. (*Id.* at 9.) The Magistrate Judge noted Defendant had "lawfully entered the country as a minor," "followed all the rules to obtain lawful status," and been informed "he was authorized to work legally and remain in the country." (*Id.* at 10.) The Magistrate Judge declined to determine the best interpretation of the statute, stating the statute could be reasonably read as referring to either a person's immigration status or their presence in the country. (*Id.* at 9.) She reasoned "an ordinary person in Defendant's circumstances would not have been on notice that § 922(g)(5)(A) was based solely on the lawfulness of an alien's status" rather than the

---

[1] The R&R recommends granting Defendant's Motion based on vagueness and does not address his argument the indictment omits an implied element of unlawful presence. The Court finds this argument is without merit. *See United States v. Ali*, No. CR-24-7592-TUC-AMM, 2025 WL 1732852, at *5 (D. Ariz. June 23, 2025) (stating § 922(g)(5)(A) does not contain an implied element of "illegal or unlawful presence").

lawfulness of their presence and, therefore, the statute is void for vagueness as applied to Defendant. (*Id.*) The government objects to the R&R's conclusion, primarily arguing the Magistrate Judge failed to properly interpret the statute before applying it to Defendant's circumstances. (Doc. 32.)

## II. Standard of Review

When reviewing a magistrate judge's R&R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

## III. Discussion

An indictment fails to comport with due process if the statute under which it is issued "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008); *see Hill v. Colorado*, 530 U.S. 703, 732 (2000); *Grayned v. City of Rockford*, 408 U.S. 104, 108–109 (1972). Vague statutes are invalidated "to avoid punishing people for behavior that they could not have known was illegal." *Humanitarian Law Project v. Mukasey*, 552 F.3d 916, 928 (9th Cir. 2009), *rev'd in part on other grounds*, 561 U.S. 1 (2010). "A statute is void for vagueness if its prohibitions are not clearly defined, because people of ordinary intelligence ought to be able to know what is prohibited, and laws must provide explicit standards for those who apply them to avoid arbitrary and discriminatory enforcement by police, judges and juries." *United States v. Harris*, 185 F.3d 999, 1004 (9th Cir. 1999).

In analyzing a vague-as-applied challenge, a court "need only examine the . . . challenge under the facts of the particular case and decide whether, under a reasonable construction of the statute, the conduct in question is prohibited." *United States v. Fitzgerald*, 882 F.2d 397, 398 (9th Cir. 1989). "The degree of vagueness the Due Process Clause will tolerate" depends on "whether the challenged provision . . . imposes civil rather

than criminal penalties, contains a scienter requirement[,] and threatens constitutionally protected rights." *Kashem v. Barr*, 941 F.3d 358, 370 (9th Cir. 2019). Relevant here, a statute's knowledge requirement reduces the likelihood it will be found unconstitutionally vague. *Holder v. Humanitarian Law Project*, 561 U.S. 1, 21 (2010); *see Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 499 (1982) (stating "the Court has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed").

Before a court can decide whether a statute is vague as applied to a specific defendant, it must first identify the statute's meaning.[2] *See United States v. Naghani*, 361 F.3d 1255, 1259–60 (9th Cir. 2004) (stating when examining an as applied vagueness challenge, courts must use a "reasonable construction of the statute"). When interpreting a statute, a court should interpret neighboring provisions so they work together in harmony, rather than produce odd or self-defeating results. *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (explaining courts must interpret "statute[s] as a symmetrical and coherent regulatory scheme, and fit, if possible, all parts into a[] harmonious whole") (citation and internal quotation marks omitted); *see also Nken v. Holder*, 556 U.S. 418, 426 (2009) ("[S]tatutory interpretation turns on 'the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997))). "[T]he meaning of a provision is clarified by the remainder of the statutory scheme" when "only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law." *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 217 (2001) (citation and internal quotation marks omitted).

Under § 922(g)(5)(A), it is unlawful for any person who is "illegally or unlawfully

---

[2] Although both parties cite Ninth Circuit cases in which the court deferred to an agency's regulatory definition of "illegally or unlawfully in the United States," these cases have been abrogated by the Supreme Court and this Court will independently interpret the statute. *See Abramski v. United States,* 573 U.S. 169, 191 (2014) (stating courts owe no deference to the government's interpretation of a criminal statute); *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 412–13 (2024) (stating courts "need not . . . defer to an agency interpretation of the law").

in the United States" to possess a firearm. Further, under § 922(g)(5)(B), it is unlawful for any person who "has been admitted to the United States under a nonimmigrant visa" to possess a firearm. As the government points out in their Objection to the R&R, if "illegally or unlawfully in the United States" in § 922(g)(5)(A) meant merely lacking lawful presence, a person granted deferred action (or another form of authorized stay) might fall outside of subsection (A)'s proscription because he is lawfully present in the country. But later, if that same person's status is adjusted and he is issued a nonimmigrant visa, subsection (B) would suddenly prohibit firearm possession—even though his immigration status became more lawful, not less. This progression is difficult to reconcile with the statutory scheme because it would mean an individual is not prohibited from firearm possession while lacking lawful status but benefiting from deferred action, yet becomes prohibited after obtaining a nonimmigrant visa. *See United States v. Rashwan*, No. 22-118, 2023 WL 4274989, at *4 (E.D. Penn. June 29, 2023) ("[G]iven that 'under § 922(g)(5)(B), an alien granted a nonimmigrant visa, with certain exceptions, is not permitted to carry a firearm[,] . . . it would fashion a peculiar result if we were to hold that an alien unlawfully within the United States who has simply submitted an application to adjust his status may permissibly possess a firearm, whereas an alien granted a nonimmigrant visa—and concomitantly, temporary lawful immigration status—may not.'" (quoting *United States v. Lucio*, 428 F.3d 519, 526 n.8 (5th Cir. 2005))). Congress is unlikely to have intended the prohibition on firearm possession to disappear when a person is granted deferred action only for the prohibition to reappear after the person obtains a lawful visa.

Reading subsection (A) to refer to immigration status rather than mere presence avoids the anomaly described above and gives each subsection a distinct role: § 922(g)(5)(A) prohibits persons without lawful status from possessing firearms, while § 922(g)(5)(B) prohibits persons who do have lawful nonimmigrant status—but whom Congress separately chose to regulate—from possessing firearms. Accordingly, the Court concludes, considering the statute as a whole, subsection (A) is not genuinely ambiguous

and refers to any individual who lacks lawful immigration status, regardless of the lawfulness of their presence in the country. *See Brown & Williamson Tobacco Corp.*, 529 U.S. at 133.

Defendant's as-applied vagueness challenge rests on the premise he reasonably believed he was "lawfully present" in the United States because he had been granted deferred action and employment authorization. As explained above, the Court concludes § 922(g)(5)(A)'s prohibition turns on an alien's immigration status, not whether the government acquiesces to an individual's physical presence in the United States. Once the statute is properly construed to refer to immigration status, Defendant's circumstances fall squarely within its reach—Defendant acknowledges he "does not possess, and never has possessed, legal status in the United States," and deferred action did not confer lawful immigration status. (Doc. 31 at 2.) The possibility statutory language may be susceptible to an erroneous construction does not, standing alone, render the statute unconstitutionally vague. *Williams*, 553 U.S. at 304 (stating due process does not require statutes to provide "perfect clarity and precise guidance"). Accordingly, contrary to the R&R's conclusion, § 922(g)(5)(A), as properly construed, provided constitutionally adequate notice to Defendant and is not unconstitutionally vague as applied to him. Additionally, because the government is required to prove Defendant's knowledge to obtain a conviction, to the extent Defendant wants to argue he was unaware of the underlying facts placing him in the prohibited class, Defendant may do so at trial. *Rehaif v. United States*, 588 U.S. 225, 237 (2019) (stating to convict a defendant under § 922(g), the government must prove the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm"); *see Holder*, 561 U.S. at 21.

## IV. Conclusion

Because neither Defendant's asylum application nor deferred action on his U visa application confer lawful status, § 922(g)(5)(A)'s prohibition applies to Defendant. The statute is also not unconstitutionally vague as applied to Defendant because a person of ordinary intelligence in Defendant's circumstances would have notice they were "illegally

or unlawfully in the United States" for purposes of § 922(g)(5)(A). Accordingly,

**IT IS ORDERED** the Court declines to adopt the R&R (Doc. 31).

**IT IS FURTHER ORDERED** Defendant's Motion to Dismiss (Doc. 16) is **DENIED**.

Dated this 11th day of August, 2026.

